LOWELL J. SIDNEY, ESQ. [LJS 0406]
244 Fifth Ave, Suite Q278
New York, NY 10001
917-971-2413
ljsidney@gmail.com

*Attorney for Plaintiff*
*Anthony Ransom*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                         :

ANTHONY RANSOM,                  :

                  Plaintiff,    :     **COMPLAINT**

                          :     JURY TRIAL DEMANDED

               -against-       :

POLICE OFFICER Jason Miller, (Shield no.  :
2120); POLICE OFFICER Matthew Regina  :
(2389); "JOHN DOE" individually and in their  :
official capacities (the names Jane Doe being  :
fictitious, as the true names are presently  :
unknown),                             :

                  Defendants.    :
------------------------------------------------------------- X

       Plaintiff, ANTHONY DEON RANSOM, by and through his attorney, **THE LAW OFFICE OF LOWELL J. SIDNEY**, complaining of the defendants herein, respectfully shows the Court and alleges:


**PRELIMINARY STATEMENT**

1.     This is a civil rights action in which plaintiff seeks relief for violation of plaintiff's rights as secured by 42 U.S.C. §§ 1983 and the fourth, sixth and fourteenth amendments to the United States Constitution and the laws of the State of New York.

2.      Plaintiff's claims arise from an incident that took place at 8:48pm on February 12, 2015 at 6 Avenue and West 25th Street in New York County, New York during which members of the New York City Police Department ("NYPD") subjected plaintiff to among other things Unlawful Search and Seizure.

3.      Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is invoked under 42 U.S.C. §§ 1983; 28 U.S.C. §§ 1343 and 28 U.S.C. §§ 1331.

5.      Venue herein is proper for the United States District Court for the Southern District of New York under 28 U.S.C. §1391, in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

## PARTIES

7.      Plaintiff Anthony Ransom resides at 102 Sussex Street, Hackensack, New Jersey.

8.      The plaintiff is an African-American male, born May 7, 1969.

9.      At all times herein, defendants PO Jason Miller, Shield No. 2120; PO  Matthew Regina, Shield 02389, PO "JANE DOE" No. 1 and "JOHN DOES" Nos. 1-6 were New

York City Police Officers, employed with the Narcotics Borough  Manhattan South Enforcement unit.

10.     The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

11.     On February 12, 2015 at approximately 8:48pm at 6 Ave. and West 25th Street in the County and State of New York Defendants PO Jason Miller, Shield No. 2120; PO Matthew Regina, Shield 02389 and/or PO "John Doe" arrested Plaintiff for a Class A misdemeanor of criminal sale of Marijuana in the 4th degree, a Class B misdemeanor of criminal possession of Marijuana in the 5th degree and a violation of unlawful possession of Marijuana.

12.     Defendant police officers seized personal money belonging to Plaintiff from Plaintiff's car. This search was not pursuant to a search warrant.

13.     The criminal action cannot be prosecuted, pursuant to Criminal Procedure Law § 30.30 which requires the prosecution to establish its readiness for trial on an "offense" within a specific codified time period after the commencement of a criminal action.

## GENERAL ALLEGATIONS

14.     The individual Defendants acted in concert in committing the above-described acts against Plaintiff.

15.     The individual defendants acted under pretense and color of state law in their individual and official capacities and within the scope of their employment.  Said acts by defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights including money and freedom.

16.     As a direct and proximate result of defendants' actions, plaintiff experienced emotional distress and property loss.

17.     Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by recklessness and indifference to plaintiff's rights.

## FIRST CLAIM
## (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

18.     Plaintiff repeats and re-alleges all the foregoing paragraphs as if the same were fully set forth at length herein.

19.     On the above incident date, defendant officers unlawfully seized property belonging to plaintiff.

20.     As a result of defendants' conduct, plaintiff was injured.

21.     Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM
## (FAILURE TO INTERVENE)

22.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

23.     On the above described incident date, those defendants who did not actively participate in the abridgement of plaintiff's rights, but who had a reasonable opportunity to prevent them and nonetheless failed to intervene in the obviously illegal actions of the active defendants also caused injury to plaintiff.

24.     Accordingly, defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

a. Compensatory damages in the amount of Two Hundred and Fifty Thousand Dollars ($100,000);

b. Punitive damages in the amount of Five Hundred Thousand Dollars ($200,000);

c. Costs, interest and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      New York, New York
            December 14, 2015

THE LAW OFFICE OF LOWELL J.  SIDNEY

ATTORNEY FOR PLAINTIFF

By:  **LOWELL J. SIDNEY, ESQ.**
*Attorney(s) for Plaintiff*
244 Fifth Ave, Suite Q278
New York, NY 10001
Tel: 917-971-2413

## **VERIFICATION**

I, Sidney Lowell, have read the annexed **COMPLAINT** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon the following: facts, investigations and pertinent data contained in Plaintiffs file. This verification is signed by an attorney because Plaintiffs do not reside in the same county as my office is located.


Dated: New York, New York
      December 14, 2015


                                                      
Lowell Sidney